George Andrews, J.,
delivered the opinion of the Court.
This was an action of replevin, in which X). B. Cliffe was plaintiff and A. C. Mayberry was defendant, and was brought for the recovery of thirty-seven bales of cotton, claimed as the property of the plaintiff, Cliffe. "While the trial was progressing, the Circuit Court permitted the plaintiff to amend his proceedings by adding the name of C. A. Merrill as a joint plaintiff.
The cotton was taken under the writ of replevin, on *119 tbe first day of July, 1864, and delivered to Cliffe, who soon thereafter, shipped it to New York. One witness testifies that the cotton was worth, at the time of its seizure, from $1.20 to $1.25 per pound, and that at a subsequent time, during the same summer and autumn, the price of such cotton rose to $1.40 per pound. It does not appear that the price at the time of the trial, was proved.
There is proof that, during the year 1863, cotton was worth only from twenty-five to fifty cents per pound.
The jury returned a verdict for the defendant, and assessed the value of the cotton at the sum of $12,275.-25, being at the rate of about 75 cents per pound, and found that the damages to which the defendant was entitled for its detention by the plaintiff, were, the further sum of $2,209.54. No interest upon the value of the property was found by the jury, unless they may have adopted the amount of the interest on the value as the measure of damages.
Judgment being entered upon the verdict, the defendant, who was dissatisfied with the amount of the verdict in his favor, moved for a new trial; and, upon the overruling of his motion, filed a bill of exceptions, and appealed in error to this Court.
The principal question in this case is, whether the Circuit Court gave to the jury the proper instructions in regard to the rules by which they should ascertain the value of the property replevied, .and the defendant’s damages for its detention.
The rules for the assessment of valuation and damages are prescribed in the Code, as follows:
Section 3389: “ On the issue being found for the *120 plaintiff; or in case of default, upon writ of inquiry, the jury will ascertain the plaintiff’s damages for the seizure and detention, and judgment will be rendered therefor, with costs.
Section 3390: “If the issue is found for the defendant, or the plaintiff dismisses, or fails to prosecute his suit, the judgment shall be that the goods be returned to the defendant; or, on failure, that the defendant recover their value, with interest thereon, and damages for the detention; the value of the property, and the damages, to be assessed by the jury trying the cause ; or where the plaintiff fails to prosecute, by a jury im-panelled for the purpose.
Section 3391: “ The jury may, in proper eases, give exemplary damages in favor of either party; and in all cases where the plaintiff fails to prosecute his suit with effect, they may make such valuation as will be likely to effect a return of the property to the defendant, if the character of the property is such as to make the return of the specific property important.”
The complex nature of the judgment rendered in favor of the defendant in the action of replevin; and the fact that, at the time of its rendition, it must usually be matter of uncertainty whether the defendant will receive from the. plaintiff the property itself, or the value of the property as fixed by the jury, renders the problem of determining the principles upon which the jury should estimate the value of the property, and the damages for its detention, a most perplexing one. Probably no scheme for the ascertainment of these values could be devised, which would not, if inflexibly applied, *121 in some supposable case, work injustice to the one party or to the other. Owing to this complexity and uncertainty, the measures of value and of damages in replevin, might be quite different from those which would be applied in the action of trover; arid an extended discussion of decided cases would be of . but little use in our investigation.
Our statute provides no mode for compelling the plaintiff to return the property to defendant, after judgment in favor of the latter, except by the action of the jury in affixing to the property such a valuation as shall make it to the interest of the plaintiff thus to return it. The Legislature evidently intended in the sections of the Code above recited, to provide a complete and ample remedy and indemnity for the defendant; and the option, which is practically allowed to the plaintiff as to the return of the property, becomes very material to be considered, in determining the principles which should govern such cases: See Goodman vs. Floyd, 2 Hum., 60.
I think the Legislature, in providing that the jury should ascertain the value of the property, and should give interest upon that value, could not have contemplated that the value should be fixed as of the time of the trial; and there are other objections to a rule fixing the value at that time. The time when the property was taken from the defendant, by virtue of the writ of replevin, is naturally suggested as that at which the value of the property should be determined, and we think that is the time which the Legislature contemn plated should be adopted for that purpose. This rule *122 is simple, and under it and tlie provisions of our statutes, there is no difficulty in arriving at substantial justice in any particular case belonging to this perplexing class.
The objection to the rule fixing the value at the time of the trial, is, that the statute requires the jury to give interest upon the value fixed, which would, of course, be impossible if the value were fixed at the time of the trial.
The jury should be instructed to ascertain the value of the property at the time when it was seized under the writ of replevin; and if the character of the property is such as to make the return of the specific property important, they may make such valuation of it as will be likely to effect a return of the property by the plaintiff to the defendant; and upon this valuation they are to give interest from the time of the seizure under the plaintiff’s writ. The judgment for this value and interest will be discharged by a return of the property to the defendant.
But the defendant is also entitled to damages for the detention of the property from him by the plaintiff; and the judgment rendered for these damages will not be discharged by a return of the property.
The damage to the defendant, if any, by the loss of the use and enjoyment or hire of the property, may of course, be allowed by the jury.
If the property is damaged or deteriorated in actual value while in the plaintiff’s custody in any respect, not the natural wear and deterioration which is compensated by the allowance made for use or hire as above stated, this damage or deterioration must also be allowed in the *123 calculation; otherwise it would be in the power of the plaintiff, by returning the damaged or deteriorated property, to throw upon the defendant the loss which he himself ought to sustain.
For the same reason, if the market value of the property be less at the time of the trial than when it it was seized under the writ of replevin, the jury should allow the depreciation as damages; since otherwise, the plaintiff, by a return of the depreciated property, would throw the loss upon the defendant; and this depreciation is clearly a loss which the defendant has sustained by the detention.
If the market value of the property replevied has appreciated, and remains at a higher point at the time of the trial than when seized under the writ, this difference must be allowed to the defendant as damages for the detention; for the property still remains his, and if the plaintiff elects not to return it, the defendant is entitled to the benefit of the increased value. It is true, that, if in such a case the plaintiff should elect to return the property, the defendant woxdd secure the advantage of receiving it with its increased value, and also the amount of the increase in value, by way of damages. But, as it is uncertain whether the plaintiff will elect to return the property or not, and it is not in the. power of the defendant to compel him to do so, there is no mode in which to protect and indemnify the defendant, except to allow him the increase in price as damages; and it is presumable that, in such a case, the plaintiff would protect himself by retaining the property.
If, however, there has been a mere temporary increase *124 in the market value of the property between the time of the seizure and the trial, the value at the trial being no greater than at the time of the seizure, it must be left to the discretion of the jury whether they will allow this temporary appreciation as damages. It is an advantage of which the defendant might, or might not, have availed himself had the property remained in his possession.
In reference to this point, the jury may take into consideration the nature of the property, whether perishable or otherwise, and whether adapted to, and kept or intended for sale, as an article of commerce, the degree of probability that the defendant has been deprived of the opportunity to make a profitable disposition of it; and in that connection, whether the plaintiff has himself sold the property at a profit which the defendant should be entitled to the benefit of; and other circumstances tending to show that the defendant has, in fact, suffered loss or damage by the wrongful seizure and detention of his property; and that in equity and good conscience, the plaintiff should pay him the temporary increase of price as damages.
While remote, imaginary, and merely speculative damages ought not to be allowed, the jury may, and if, in their opinion, justice demands it, out to allow the defendant as damages, the loss of near and probable profits arising from a temporary rise in market values.
Our statutes expressly confer a large discretion upon the jury. Some of the authorities recognize the necessity for the exercise of such a discretion upon general principles; and we are satisfied that in many cases much *125 must, and safely may, bé intrusted to the sound discretion and sense of equity of the jury.
If the proceeding is vexatious and the property is seized by the plaintiff in bad faith, and without a bona fide claim of right, or if, under circumstances of aggravation or outrage, this would furnish a proper case for the exercise of the discretion of the jury in the allowance of exemplary damages.
Without reciting here the charge of the Court at length, it is sufficient to say that, while it properly fixes the time at which the value of the property should be ascertained at the time of its seizure under the writ of replevin, it does not give to the jury those instructions for their guidance in estimating the value and assessing the damages, to the benefit of which the defendant was entitled. The jury must have understood frota the rulings of the Court that they were not at liberty to look to the rise in value after the seizure of the property, in estimating the damages.
The verdict, also, is erroneous in failing. to give interest upon the value of the property, as found by the jury. Whatever the jury may find in regard to the damages for the detention, the defendant is entitled to interest upon the value, as matter of law.
As the judgment- must be reversed, and a new trial awarded, we do not think it necessary to - decide whether the Circuit Court erred in permitting the addition of. a new party plaintiff upon the trial.